*VICENTE T. SALAS, ESQ.*
*Law Office Of Vicente T. Salas*
*P.O. Box 501309, San Jose*
*2nd Floor, UIU Building*
*SAIPAN, MP 96950-1309*
*Telephone No. (670) 234-7455*
*Telecopier No. (670) 234-7256*
*e-mail: vts@pticom.com*

*Attorney for:* **Defendant ROME RESEARCH CORPORATION**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| RYANJAY T. DELA CRUZ | ) | CIVIL ACTION NO. CV08-0020 |
| Plaintiff, | ) | |
| vs. | ) | **ANSWER** |
| ROME RESEARCH CORPORATION, | ) | |
| Defendant. | ) | |

Defendant ROME RESEARCH CORPORATION ("Defendant") hereby answers the Complaint filed by Plaintiff RYANJAY T. DELA CRUZ ("Plaintiff") on December 24, 2007 in the Superior Court for the Commonwealth of the Northern Mariana Islands and removed to the United States District Court for the Northern Mariana Islands on March 28, 2008 (the "Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, on that basis, Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint, except admits that Defendant is the government contractor for the International Broadcasting Bureau ("IBB") that operates the IBB's facility in Tinian, Commonwealth of the Northern Mariana Islands.

5. Defendant denies the allegations in paragraph 5 of the Complaint, except admits that Plaintiff was hired by Defendant on June 29, 2004 as an Engineering Technician I.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint, except admits that Defendant conducted an investigation into complaints of sexual and other misconduct by Plaintiff.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint, except admits that on November 16, 2005, it terminated Plaintiff after an internal investigation revealed that he had violated several of Defendant's policies and procedures.

FIRST CAUSE OF ACTION

10. In answer to Paragraph 10 of the Complaint, Defendant realleges and hereby incorporates its answers to Paragraphs 1-9 of the Complaint as set forth above.

11. Defendant denies the allegations in paragraph 11 of the Complaint

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in (the second) paragraph 12 of the Complaint.

16. Defendant denies the allegations in (the second) paragraph 13 of the Complaint.

17. Defendant denies the allegations in (the second) paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION

18. In answer to Paragraph 15 of the Complaint, Defendant realleges and hereby incorporates its answers to Paragraphs 1-14 of the Complaint as set forth above.

19. Defendant denies the allegations in paragraph 16 of the Complaint.

20. Defendant denies the allegations in paragraph 17 of the Complaint.

21. Defendant denies the allegations in paragraph 18 of the Complaint.

## THIRD DEFENSE

Defendant alleges that all claims seeking damages for alleged emotional and physical injury are barred by the workers' compensation laws.

## FOURTH DEFENSE

Plaintiff is barred from maintaining this action against Defendant based upon the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff is barred from maintaining this action by the defenses of waiver, estoppel, laches and/or unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's misconduct, bad faith, and/or disloyalty.

## SEVENTH DEFENSE

Defendant intends to rely upon the defense of good faith.

## EIGHTH DEFENSE

Defendant alleges that it acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations, and practices reasonably and in good faith believed to be in accordance with the laws of the United States and the Commonwealth of the Northern Mariana Islands, and is therefore not liable to Plaintiff.

## NINTH DEFENSE

Defendant alleges that its conduct is protected by the managerial privilege and that all actions taken with respect to Plaintiff were undertaken and exercised with proper managerial discretion, in good faith, and for proper, lawful reasons.

## TENTH DEFENSE

Defendant alleges, without admitting it engaged in any of the acts, conduct or statements attributed to Defendant by Plaintiff, that any such acts, conduct, or statements were reasonable, justified, privileged, in good faith, supported by probable cause, not in violation of public policy, and for legitimate, substantial, and non-discriminatory business reasons.

## ELEVENTH DEFENSE

Defendant intends to rely upon the defense that the liability, if any, to Plaintiff is that of parties other than Defendant.

## TWELFTH DEFENSE

To the extent that they apply and exist, Defendant intends to rely upon any and all statutory, regulatory, and/or common law privileges and immunities available to it as a defense against Plaintiff's claims.

## THIRTEENTH DEFENSE

Plaintiff is precluded from recovery because of his own fraud and misrepresentations.

## FOURTEENTH DEFENSE

The conduct of Defendant was not the proximate cause of the alleged injuries, if any.

## FIFTEENTH DEFENSE

Plaintiff's contract claims are barred for lack of consideration.

## SIXTEENTH DEFENSE

Defendant intends to rely upon the defense of reasonable interpretation of contract law.

## SEVENTEENTH DEFENSE

Plaintiff was an at-will employee.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's contributory and/or comparative negligence.

## NINETEENTH DEFENSE

Without admitting liability or damages, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence or bad faith.

## TWENTIETH DEFENSE

Defendant alleges that at all times relevant to the Complaint, it did not engage in any willful, intentional, and/or negligent misconduct with respect to Plaintiff.

### TWENTY-FIRST DEFENSE

Plaintiff fails to state facts sufficient to state a claim for compensatory damages, special damages, or punitive or exemplary damages.

### TWENTY-SECOND DEFENSE

Plaintiff fails to state facts sufficient to entitle him to an award of attorneys' fees or costs of the suit herein.

### TWENTY-THIRD DEFENSE

Plaintiff fails to state facts sufficient to state a claim for reinstatement, recovery of benefits, or other equitable relief.

### TWENTY-FOURTH DEFENSE

Defendants allege that any liability should be limited based upon Plaintiff's failure to mitigate damages, if any damages were in fact suffered.

### TWENTY-FIFTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they may become apparent as the result of discovery.

WHEREFORE, Defendant prays that (1) all claims and causes of action against Defendant be dismissed with prejudice; (2) Defendant receive an award of its reasonable attorneys' fees and costs; and (3) Defendant receive such other and further relief the Court deems just and equitable.

Dated this __4th__ day of April, 2008.

                                        **Respectfully Submitted By:**

                                        **LAW OFFICE OF VICENTE T. SALAS**

                                        _/s/ Vicente T. Salas_
                                        VICENTE T. SALAS,
                                        Attorney for Defendant,
                                        Rome Research Corporation